UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BRIAN K. COLEMAN,

    Plaintiff,

v.                               Case No. 21-cv-0940-bhl

JUDGE REBECCA KIEFER, et al.,

    Defendants.

## SCREENING ORDER

Plaintiff Brian K. Coleman, who is currently confined at the Milwaukee County Jail and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants violated his civil rights. This matter comes before the Court on Coleman's motion for leave to proceed without prepayment of the full filing fee and to screen the complaint.

### MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE

Coleman requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). Coleman has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. §1915(a)(2), and has been assessed and paid an initial partial filing fee of $20.04. The Court will grant the Coleman's motion for leave to proceed without prepayment of the filing fee.

# SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, and dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

## ALLEGATIONS OF THE COMPLAINT

Coleman is an inmate who has been housed at the Milwaukee County Jail and the Milwaukee House of Corrections. Dkt. No. 1 at 2. He was also at the Shorewood Police Department for a period of time. *Id*. at 3. He names as defendants Judge Rebecca Kiefer, Assistant District Attorney (ADA) Katie Bakunowicz, Milwaukee County Jail, and the Shorewood Police Department. *Id*. at 1.

In January or February 2021, Coleman was subjected to "excessive force" at the Shorewood Police Department. *Id*. at 3. He states that "jail staff" engaged in "misconduct," which caused pain and dysfunction in his neck, back, shoulder, arm, and hands. *Id*. The incident also caused mental anguish, anxiety, depression, and PTSD. *Id*.

Since his incarceration in February 2021, Coleman "repeatedly has been denied timely, professional care [] by medical, dental, and mental health services." *Id*. at 2. Coleman has been denied access to medical tests (MRIs, CAT scans, and EMGs), consultations with specialists (a neurologist and an orthopedic surgeon), and other medical appointments. *Id*. He has only had two physical therapy appointments for his injuries in six months. *Id*. He also broke a tooth at some point, and lack of follow-up care for that tooth caused an infection. *Id*. at 3. It took three weeks to see a dentist to extract the tooth. *Id*. Coleman also requested "frequent sessions" for his mental health, but a psychiatrist denied these requests, claiming that Coleman was "drug seeking" and "a lifelong drug abuser." *Id*. Coleman states that these untrue accusations about his mental health only caused more anxiety, hopelessness, PTSD, depression, and night-terrors/insomnia. *Id*.

In May 2021, Judge Kiefer and ADA Bakunowicz "cherry pick[ed]" biased witness statements to use in one of his criminal proceedings. *Id*. This caused Coleman to be placed in a "restricted" area of general population, which caused even more isolation and psychological stress. *Id*. at 3-4. Coleman was not allowed to communicate with family while in the restricted area and he also "lost property." *Id*. at 4. For relief, he seeks return of his lost property, changes in professional conduct, medical/dental/mental health care, and monetary damages. *Id*. at 4-5.

## THE COURT'S ANALYSIS

"To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)).

Section 1983 limits liability to individuals who are personally responsible for a constitutional violation. *Burks v. Raemisch*, 555 F.3d 592, 593-94 (7th Cir. 2009). "An official satisfies the personal responsibility requirement of section 1983 . . . if the conduct causing the constitutional deprivation occurs at [his] direction or with [his] knowledge and consent." *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995) (quoting *Crowder v. Lash*, 687 F.2d 996, 1005 (7th Cir. 1982)). He or she "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye." *Id*. (quoting *Jones v. City of Chicago*, 856 F.2d 985, 992 (7th Cir. 1988)).

The Court will dismiss the original complaint for failure to state a claim upon which relief can be granted. First, the Shorewood Police Department and the Milwaukee County Jail are not proper defendants under §1983. *See Whiting v. Marathon Cty. Sheriff's Dep't*, 382 F.3d 700, 704 (7th Cir. 2004) ("In short, the Marathon County Sheriff's Department is not a legal entity separable

from the county government which it serves and is therefore, not subject to suit."); *see also Smith v. Knox Cty. Jail*, 666 F3d 1037, 1040 (7th Cir. 2012) (concluding that the jail is a "non-suable entity"). The proper defendants in this case would be Milwaukee County or the Village of Shorewood, but Coleman does not allege any facts suggesting that either of these entities had a custom or policy that violated his constitutional rights. *See Monell v. Dep't of Social Serv's of City of New York*, 436 U.S. 658 (1978); *see also Waters v. City of Chi.,* 580 F.3d 575, 581 (7th Cir. 2009) (noting that, to state a municipal liability claim, a plaintiff must allege "(1) an express policy that causes a constitutional deprivation when enforced; (2) a widespread practice that is so permanent and well-settled that it constitutes a custom or practice; or (3) an allegation that the constitutional injury was caused by a person with final policymaking authority"). To the extent Coleman intended to proceed with a claim regarding specific incidents of denial of medical/dental/mental health care or excessive force, he was required to identify specific *individuals* who violated his constitutional rights, which he did not do.

Second, Coleman's claims against Judge Kiefer and ADA Bakunowicz fail because judges and district attorneys are generally entitled to absolute immunity under section §1983. *See Polzin v. Gage*, 636 F.3d 834, 838 (7th Cir. 2011) ("A judge has absolute immunity for any judicial actions unless the judge acted in the absence of all jurisdiction."); *see also Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976) (concluding that absolute immunity shields a prosecutor's conduct as an advocate that is "intimately associated with the judicial phase of the criminal process," such as initiating a prosecution and presenting the state's case). Coleman alleges that Judge Kiefer and ADA Bakunowicz cherry picked biased witness statements to use in his criminal case. But determining which witness statements to introduce as evidence in a criminal case, and ruling on whether those witness statements are admissible in court, are quintessential "judicial" tasks that

are covered by absolute immunity. Nothing alleged in the complaint suggests that Judge Kiefer took a judicial action in the absence of all jurisdiction or that ADA Bakunowicz took actions that were not intimately associated with the judicial phase of the criminal process. Therefore, Coleman fails to state a claim upon which relief can be granted and the Court will dismiss this complaint.

The Court will give Coleman an opportunity to file an amended complaint to cure the deficiencies noted above. Coleman should be aware that he may join multiple defendants in a single case only if he asserts at least one claim against each defendant that arises out of the same events or incidents and involves questions of law or fact that are common to all the defendants. *See Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012). This means that Coleman's medical/dental/mental health care claim and his excessive force claim likely belong in different lawsuits as they involve different defendants, at different entities, with different underlying facts. Coleman also likely does not have a Fourteenth Amendment due process claim regarding his "lost property" because adequate post-deprivation remedies exist under Wisconsin state law to resolve property disputes. *See Johnson v. Wallich*, 578 Fed. Appx. 601, 602 (7th Cir. 2014) (concluding that there is no Fourteenth Amendment due process claim for random and unauthorized deprivations of property in light of Wisconsin state law that has "tort remedies" for damage or conversion of an inmate's personal property and "certiorari review" for property that has been wrongfully taken or detained while incarcerated).

Coleman is advised that the amended complaint must bear the docket number assigned to this case. The amended complaint replaces the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056-57 (7th Cir. 1998). The amended complaint must also allege enough facts from which the Court can determine: (1) who violated his constitutional rights; (2)

what that individual said or did to violate his constitutional rights; (3) when that individual violated his constitutional rights; and (4) where that individual violated his constitutional rights. Coleman need not include every detail giving rise to his claim, but he does need to provide the Court and the defendants with notice of what each defendant allegedly did or did not do to violate his rights.

The Court will enclose a blank prisoner amended complaint form and a guide for *pro se* prisoners that explains how to file a complaint that the Court can screen. The Court will require Coleman to use that blank prisoner amended complaint form to file his amended complaint. *See* Civ. L. R. 9 (E.D. Wis.). If Coleman believes he needs more space than is available on the blank prisoner amended complaint form, he may attach a *maximum* of five typed, double-spaced pages. The amended complaint should be no more than <u>ten</u> pages total. If Coleman files an amended complaint, the Court will screen the amended complaint as required by 28 U.S.C. §1915A. If Coleman does not file an amended complaint, the Court will likely dismiss this case.

## CONCLUSION

**IT IS THEREFORE ORDERED** that the plaintiff's motion for leave to proceed without prepayment of the filing fee (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that the complaint is **DISMISSED** because it fails to state a claim upon which relief can be granted. The plaintiff may file an amended complaint that complies with the instructions in this order on or before **November 1, 2021.** If the plaintiff files an amended complaint, the Court will screen the amended complaint as required by 28 U.S.C. §1915A. If the plaintiff does not file an amended complaint, the Court will likely dismiss this case.

**IT IS FURTHER ORDERED** that the clerk's office mail the plaintiff a blank prisoner amended complaint form and a copy of the guide entitled "Answers to Prisoner Litigants' Common Questions" along with this order.

**IT IS FURTHER ORDERED** that the agency having custody of the plaintiff shall collect from his institution trust account the **$329.96** balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to his trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If the plaintiff is transferred to another institution, the transferring institution shall forward a copy of this Order along with the plaintiff's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where the plaintiff is located.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin this 1st day of October, 2021.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge